IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

SHAUN POOLE,

     Plaintiff,

v.                                                                                    No. 1:25-cv-01147-JDB-jay

NEIL THOMPSON,
JOSH FREY, and
MICHAEL KING,

     Defendants.

---

ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING REPORT AND
RECOMMENDATION

---

Before the Court is the complaint of Plaintiff, Shaun Poole, (Docket Entry ("D.E.") 1), and his motion for a preliminary injunction. (D.E. 2.) By Administrative Order, this matter was referred to the United States magistrate judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. After reviewing the complaint and motion, Magistrate Judge Jon A. York recommended that Poole's federal claims (Counts I and IV) be dismissed with prejudice, his pending state law claims (Counts II and III) be dismissed without prejudice, and his motion for preliminary injunction be denied as moot. (D.E. 11 at PageID 28.) At the end of the report and recommendation, Judge York notified the parties that, if they disagreed with the recommendation, they were required to file an objection within fourteen days. (*Id.*) Poole filed a timely objection on March 27, 2026. (D.E. 12.) No defendant has filed a response.[1]

---

[1] Under the Local Rules, "[a]ny other party *may* file a response within 14 days after being

Federal Rule of Civil Procedure 72 permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* L.R. 72.1(g)(2). Objections must, even where the plaintiff is pro se, be "clear so that the district court can discern those issues that are dispositive and contentious." *Jessie v. Phaneuf*, No. 21-cv-11201, 2023 WL 1099756, at *2 (E.D. Mich. Jan. 30, 2023) (internal quotation marks omitted) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). An objection "should include how the [magistrate judge's] analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue." *Taylor v. Haven Hill MHP*, No. 2:21-cv-2492-MSN-atc, 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). A general objection, such as one that "merely restates the arguments previously presented," falls short of sufficiently identifying errors in the report and recommendation. *Id.* (citing *Howard*, 932 F.2d at 509). Upon the filing of proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); L.R. 72.1(g)(2).

Plaintiff's opposition to the report and recommendation contains eight separate objections. (*See* D.E. 12 at PageID 30-33.)

In the first objection, Poole submits that the report and recommendation "reduces [his] allegations to a claim that he was 'silently stared down,'" which is a "materially inaccurate" recitation of the facts. (D.E. 12 at PageID 30.) This claim is unfounded, as Judge York recounted

---

served with a copy of such objections." L.R. 72.1(g)(2) (emphasis added). Consequently, a response is not mandatory.

in detail the facts in the complaint.  (*Compare* D.E. 11 at PageID 19-20, *with* D.E. 1 at PageID 2-3.)  Additionally, Plaintiff notes in this objection that Defendant, Josh Frey, remained in the room "with his hand on his firearm."  (D.E. 12 at PageID 30 (emphasis omitted).)  This allegation is neither present in the complaint nor in the motion for a preliminary injunction.  (*See* D.E. 1; D.E. 2.)  "Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation."  *Devore v. Tenn. Dep't of Safety*, No. 3:09-00822, 2012 WL 3779305, at *1 (M.D. Tenn. Aug. 30, 2012) (citation and internal quotation marks omitted).  Thus, the first objection is overruled.

The second objection maintains that Judge York committed "legal error" by failing to apply "the proper inquiry[,] . . . whether the conduct would chill a person of ordinary firmness."  (D.E. 12 at PageID 30.)  In its analysis of Count I, the report and recommendation states this standard twice and then applies it, concluding that the behavior of the three defendants would not deter a person of ordinary firmness.  (*See* D.E. 11 at PageID 25-26.)  The Court agrees with Judge York's assessment and the second objection is overruled.

In his third objection, Poole argues that his prosecutorial coercion assertions state a plausible claim under 42 U.S.C. § 1983.  (D.E. 12 at PageID 31.)  Judge York evaluated this argument and found that Count I, Plaintiff's § 1983 claim, lacks sufficient factual matter to state a claim that is plausible on its face and thus, he recommended dismissal with prejudice.  (D.E. 11 at PageID 26.)  An objection that "does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before," is insufficient. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard*, 932 F.2d at 509); *see also Tucker v. Perry*, No. 1:21-cv-00073, 2023 WL 5022668, at *1 (M.D. Tenn. Aug. 7, 2023) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934,

3

937 (E.D. Mich. 2004)).  Because Poole merely expresses disagreement with Judge York's finding for Count I, the third objection is overruled.

The same is true for the fourth objection wherein the Court interprets Poole to take issue with Judge York's review of the ex parte communications allegation in Count I.  (D.E. 12 at PageID 31-32.)  Plaintiff's disagreement with the report and recommendation's analysis of this claim does not constitute a proper objection.  *See Brown*, 2017 WL 4712064, at *2.  Also, Poole mentions in this objection "Judge Brent Bradberry," whose name does not appear in the complaint or preliminary injunction motion.  (*See* D.E. 1; D.E. 2.)  Again, the Court declines to consider new evidence raised in this manner.  *See Devore*, 2012 WL 3779305, at *1.  Accordingly, the fourth objection is overruled.

The fifth objection asserts that the report and recommendation "recites the [pro se] liberal construction standard, [but] it fails to apply it."  (D.E. 12 at PageID 32.)  Judge York stated the appropriate standard for pro se pleadings, (*see* D.E. 11 at PageID 23), and the Court finds that he accurately applied it.  The report and recommendation quotes the requirement that a "pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  (*Id.* (internal quotation marks and citation omitted).)  After his review of Count I—the main focus of Plaintiff's objection—Judge York recommended dismissal because it failed to state a claim that was plausible on its face.  (*Id.* at PageID 26.)  As the complaint was examined under the appropriate scrutiny, the Court overrules the fifth objection.

In the sixth objection, Poole avers that dismissal is improper because his allegations are sufficient to survive screening.  (D.E. 12 at PageID 32-33.)  Like the fifth objection, Judge York set forth the screening standard under 28 U.S.C. § 1915(e)(2) and, after his analysis, recommended dismissal of the complaint.  (D.E. 11 at PageID 21-22; 28.)  Agreeing with Judge York's finding

under the appropriate standard, the sixth objection is overruled.

Plaintiff's seventh objection submits that "in prior litigation, his claims were similarly recharacterized and dismissed at an early procedural stage," and "[a]s a practical matter, repeated early dismissals without leave to amend impose substantial barriers to meaningful review." (D.E. 12 at PageID 33.) He further invites the Court to "consider whether allowing amendment would better serve the interests of justice." (*Id.*) This suggestion does not constitute an objection to the report and recommendation; this is a policy argument. This objection fails to explain the legal basis for how and why the Magistrate Judge's analysis was wrong. *See Taylor*, 2021 WL 4972451, at *1. As a result, it is overruled.

Lastly, the eighth objection generally protests the dismissal of the complaint, contending that leave to amend is required. (D.E. 12 at PageID 33.) At no point prior to this objection has Plaintiff requested leave to amend his complaint; he seeks this relief only after facing a recommended dismissal of his complaint. This argument is untimely because Poole failed to make it prior to objecting to the report and recommendation. *Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 580 n.13 (E.D. Mich. 2024) ("[P]arties cannot 'raise at the district court stage new arguments or issues that were not presented' before the [report and recommendation] was issued." (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). The eighth objection is thus overruled.

Accordingly, Plaintiff's objections (D.E. 12) are OVERRULED, the report and recommendation (D.E. 11) is ADOPTED, Plaintiff's federal claims (Counts I and IV) are DISMISSED WITH PREJUDICE, and his pending state law claims (Counts II and III) are DISMISSED WITHOUT PREJUDICE.

Therefore, Plaintiff's complaint (D.E. 1) is DISMISSED and his motion for a preliminary

injunction (D.E. 2) is DENIED AS MOOT.  The Clerk is DIRECTED to enter judgment in accordance with this order.

IT IS SO ORDERED this 14th day of April 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE