IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

SHAUN POOLE,

    Plaintiff,

v.                             No. 1:25-cv-01147-JDB-jay

NEIL THOMPSON,
JOSH FREY, and
MICHAEL KING,

    Defendants.

---

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

---

Before the Court is the motion of Plaintiff, Shaun Poole, to alter or amend judgment, or in the alternative, for reconsideration. (Docket Entry ("D.E.") 15.) On April 14, 2026, the Court adopted the United States Magistrate Judge's report and recommendation that, inter alia, this matter be dismissed and that Poole's preliminary injunction be denied as moot. (D.E. 13.) Judgment was entered on the same day. (D.E. 14.) On April 24, 2026, Plaintiff filed the instant motion. (D.E. 15.) In the motion, he argues that the Court improperly evaluated his claims individually instead of considering them together, improperly resolved factual issues by substituting its own interpretation of the facts, failed to conclude that the facts he described created a coercive environment, and did not meaningfully address certain defendants or claims. (*See id.*)

While Poole did not explicitly invoke Rule 60(b) of the Federal Rules of Civil Procedure, the Court construes his motion as being brought under this Rule. Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under Rule

60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988). Even then, "extraordinary circumstances" must justify reopening. *Id*. (citation omitted). That is, Rule 60(b)(6), "contemplates situations where something more . . . is present than those situations contemplated by the other clauses in the rule. The something more, . . . must include unusual and extreme situations where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (emphasis in original) (internal quotation marks and citation omitted).

Here, Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), nor has he shown extraordinary reasons under Rule 60(b)(6). Instead, he maintains that this Court did not analyze his claims correctly. Because Poole has failed to meet the standards set out in Rule 60(b), his motion for relief from judgment (D.E. 15) is DENIED.

IT IS SO ORDERED this 8th day of May 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2